```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :
IN RE APPLICATION OF ANDREY GRIGORYEVICH          :    25-MC-0128 (JAV)
GURIEV FOR AN ORDER SEEKING DISCOVERY             :
PURSUANT TO 28 U.S.C. § 1782                      :    ORDER
                                                  :
------------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

On March 25, 2025, Applicant Andrey Grigoryevich Guriev ("Applicant") commenced this action, seeking an *ex parte* order authorizing discovery for use in a foreign proceeding from Clearing House Payments Company L.L.C. and the Federal Reserve Bank of New York ("Respondents") by means of subpoenas served pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* ECF No. 1 ("Appl."). For the reasons stated below, the application is **GRANTED**, without prejudice to the timely filing of a motion to quash the subpoena.

Applicant seeks documents in relation to (1) a civil proceeding filed in United Kingdom ("UK") Commercial Court pursuant to Section 51 of the Senior Courts Act of 1981 seeking litigation costs from Mr. Alexander Gorbachev ("Gorbachev") and non-party litigation funders (the "Section 51 Proceeding"), and (2) a contemplated civil proceeding for malicious prosecution in the UK (the "Contemplated English Civil Proceeding"). Gorbachev had brought a civil action in the UK Commercial Court against Guriev, in which Gorbachev claimed an ownership interest in a Russian phosphate fertilizer company of which Applicant was the founder and CEO. ECF No. 4 ("Kucera Decl."), ¶ 9. Following a trial, the UK Commercial Court ruled in favor of Guriev. *Id.* The court then ordered Gorbachev to pay Applicant's litigation fees in full, awarding costs of approximately GB £12 million. *Id.*, ¶ 16. The bulk of that money has yet to be paid. *Id.* ¶ 20.

Pursuant to orders issued by the UK Commercial Court, Applicant obtained information regarding various individuals and entities that had contributed to funding Gorbachev's litigation costs pursuant to various litigation funding agreements. *Id.*, ¶¶ 11-13. Applicant then commenced

the Section 51 Proceeding on January 13, 2025, seeking litigation costs from those non-parties that had funded Gorbachev's litigation. *Id.* ¶ 19. Applicant now seeks discovery from Respondents in order to ascertain the identities and sources of the funds provided by the third-party financers of Gorbachev's lawsuits.

Section 1782(a) authorizes a district court to order discovery for use in foreign proceedings under certain circumstances. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). It also authorizes district courts to grant applications made pursuant to § 1782 *ex parte*. "The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak,* 486 Fed. App'x 215, 217 (2d Cir. 2002); *see also In re FourWorld Event Opportunities Fund, L.P.*, No. 22 MC 316 (KPF), 2022 WL 17156111, at *3 (S.D.N.Y. Nov. 21, 2022). Upon the granting of the Application, both Respondents and Gorbachev will have ample opportunity to object and be heard.

Before granting an application pursuant to Section 1782, a court must find that three statutory requirements are satisfied. First, that "the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made. Second, that the discovery be for use in a foreign proceeding before a foreign tribunal. And third, that the application be made by a foreign or international tribunal or any interested person." *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 117 (2d Cir. 2015) (cleaned up). If those requirements are met, Section 1782 "authorizes, but does not require, a federal district court" to grant the application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In determining whether to exercise that discretion, a district court should consider: (1) whether the person from whom discovery is sought is participating in the foreign proceeding; (2) the nature of the foreign tribunal and its receptiveness to U.S. judicial assistance; (3) whether the request

conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *See id.* at 264-65.

The three statutory requirements are met here. First, Respondents "reside" or "are found" in the Southern District of New York because both are headquartered in Manhattan. Kucera Decl., ¶¶ 22, 23. *See In re Vinmar Overseas, Ltd.*, No. 20-MC-277 (RA), 2020 WL 4676652, at *1 (S.D.N.Y. Aug. 12, 2020); *In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 18-MC-00047 (PAC), 2018 WL 895675, at *2 (S.D.N.Y. Feb. 14, 2018).

Second, the discovery sought is "for use in" the Section 51 Proceeding because it is "something that will be employed with some advantage or serve some use in the proceeding." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). Applicant seeks information regarding the transactions of the individuals and entities that were involved, or reasonably believed to be involved, in the funding of the lawsuits against Applicant, because the information obtained to date by Applicant does not account for the entirety of the funds used to support that litigation. ECF No. 3 at 12. Applicant also seeks information that could reveal the identity of unknown individuals who were also responsible for funding the litigation, so that he can exercise his right of recovery against those parties in the Section 51 Proceeding. *Id.*

Third, Applicant is an "interested person" under the statute, as he is a party to the pending Article 51 proceeding and would be a party to the contemplated English Civil Proceeding. *See In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (A party to the foreign proceeding is an "interested person" under Section 1782).

The four discretionary *Intel* factors also weigh in favor of granting the application. *See Intel*, 542 U.S. at 264-65. First, Respondents are not participants in the foreign proceedings. *See*

*Gorsoan Ltd. v. Bullock*, 652 Fed. App'x 7, 9 (2d Cir. 2016) (Respondents are "not parties to the [foreign] proceedings, so the first *Intel* factor weighs in favor of discovery.").

Second, for these purposes, the Court can conclude that the English courts would likely be receptive to this form of U.S. judicial assistance because there appears to be no "authoritative proof" otherwise. ECF No. 3 at 19-20. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (A district court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782," such as proof "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures"); *In re BM Brazil 1 Fundo de Investimento em Participacoes Multistrategia*, No. 23-MC-208 (JGLC) (GS), 2024 WL 555780, at *11 (S.D.N.Y. Jan. 18, 2024), *report and recommendation adopted sub nom. In re BM Brazil 1 Fundo De Investimento EM Participacoes Multistrategia*, 2024 WL 554302 (S.D.N.Y. Feb. 12, 2024) ("Courts in this District applying the second *Intel* factor routinely find that courts in the United Kingdom are receptive to Section 1782 discovery." (cleaned up)).

Third, the application does not conceal an attempt to circumvent foreign evidence-gathering rules. This factor concerns whether the application circumvents foreign "rules akin to privileges that *prohibit* the acquisition or use of certain materials," not "rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015). Additionally, the "availability of the discovery in the foreign proceeding should not be afforded undue weight" in this analysis. *Id.* at 303. The application does not seek to violate foreign prohibitions, and there is no indication that the discovery is sought in bad faith.

Fourth and finally, the discovery sought is not "unduly intrusive or burdensome." The discovery requests are narrowly tailored. Each seeks a discrete category of records that should be

relatively easy for each institution to access, documents concerning wire transfers processed by Respondents in which the names of a set list of persons or entities appears.

## CONCLUSION

Accordingly, the application is GRANTED. Applicant's U.S. counsel, Boies Schiller Flexner LLP, is authorized to serve the subpoena attached as Exhibits 7 and 8 to the Kucera Declaration on Respondents, together with a copy of this Order, no later than **thirty days** from the date of this Order. No later than **the same date**, and *before* serving the subpoena on Respondents, Applicant shall provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)). Applicant shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the Southern District of New York, and the Court's Individual Rules and Practices in Civil Cases. If the parties believe that a protective order is appropriate or necessary, they shall adhere to the procedures set forth in Section 5.N of the Court's Individual Rules. In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate ECF No. 1 and to close the case.

SO ORDERED.

Dated: August 15, 2025
       New York, New York

                                            JEANNETTE A. VARGAS
                                            United States District Judge